RICHARD A. TILLEY v. JOE W. GARRETT, NORTH CAROLINA COMMISSIONER OF MOTOR VEHICLES

No. 7018SC322

(Filed 24 June 1970)

1. **Automobiles § 2—— hearing on suspension of license —— degree of formality —— review**

   Although a hearing conducted pursuant to G.S. 20-25 may be as informal as the particular judge permits, nevertheless there should be sufficient formality in compiling a record of the proceeding so as to permit an appellate review.

2. **Automobiles § 2—— suspension of license —— sufficiency of proof of convictions**

   In a hearing to determine the validity of a Department of Motor Vehicles order suspending petitioner's driver's license upon the basis of two convictions in one year of speeding over 55 mph, the trial court erred in reversing the Department's order on the ground that the Department did not have as a part of its evidence a "valid warrant" or a "valid judgment of conviction," since the statutes require only (1) that the courts forward to the Department a *record* of convictions and (2) that the Department may base its suspensions upon a showing by *its record*. G.S. 20-16, G.S. 20-24.

APPEAL by Commissioner of Motor Vehicles from *Crissman, J.,* 19 January 1970 Session, GUILFORD Superior Court.

The Commissioner of Motor Vehicles issued an order, effective 2 January 1970, suspending plaintiff's driving privilege upon the basis of two convictions of speeding over 55 miles per hour occurring in a period of one year.

On 31 December 1969 plaintiff instituted this action pursuant to

G.S. 20-25 alleging that plaintiff had not been twice convicted of speeding over 55 miles per hour within the period of twelve months, and asking that defendant be permanently restrained from suspending plaintiff's driving privilege.

An *ex parte* temporary restraining order was issued on 31 December 1969, returnable at the 19 January 1970 Session. Defendant filed answer on 16 January 1970, and the parties agreed that Judge Crissman might hear the cause upon its merits on 19 January 1970.

At the hearing before Judge Crissman the only evidence offered were two exhibits which were extracts from plaintiff's driver's license record on file with the defendant. The judgment of the trial court refers to these as having been offered by the defendant as defendant's exhibit 1 and defendant's exhibit 2.

The judgment appealed from contains the following language:

"And the court finding and concluding as a matter of law that Defendant's Exhibit No. 2, which had to do with an alleged conviction in the Rowan County Court, does not show a valid warrant nor any valid judgment of conviction and that therefore the restraining order hereinbefore entered should be continued permanently."

The judgment followed with a permanent restraint upon defendant from suspending plaintiff's driving privileges for the offenses recited in the Order of Suspension. Defendant appealed.

*Cahoon & Swisher, by Robert S. Cahoon, for plaintiff.*

*Attorney General Morgan, by Staff Attorney Costen, for defendant.*

BROCK, J.

[1]     Although it appears that a hearing conducted pursuant to G.S. 20-25 may be as informal as the particular judge permits, nevertheless there should be sufficient formality in compiling a record of the proceeding so as to permit an appellate review.

The Order of Suspension issued by defendant was not a part of the evidence in this case; there was no stipulation that the two exhibits in evidence are the records upon which the suspension was ordered; and there is no finding by the judge to relate the exhibits to the Order of Suspension. Although we may be reasonably safe in assuming that counsel and the judge were not deliberately engaging in an exercise in futility by considering records which had

no relation to the Order of Suspension, nevertheless we do not engage in the practice of assuming the existence of evidence. The Record on Appeal in this case was stipulated by counsel and we take it to be complete.

However, for another reason the Order appealed from must be reversed.

[2]    G.S. 20-24 requires that the trial courts ". . . shall forward to the Department *a record* of the conviction of any person . . . ." (Emphasis added.) It does not require that the warrant and judgment, or certified copies thereof, shall be forwarded. G.S. 20-16 authorizes the Department ". . . to suspend the license of any operator or chauffeur with or without preliminary hearing upon a showing *by its records* . . ." (emphasis added) that the licensee has committed an enumerated offense. It does not require the Department to have in its files a "valid warrant" nor a "valid judgment" before it is authorized to take action.

Therefore, absent a showing by competent evidence, or a stipulation, that defendant's exhibit 2 was an exact copy of the warrant and judgment on record in Rowan County Court, the finding in the order appealed from that defendant's exhibit 2 ". . . does not show a valid warrant nor any valid judgment of conviction . . ." is completely immaterial.

If the plaintiff has been improperly deprived of his license by the Department due to a mistake of law or fact, he is entitled to show that the suspension was erroneous; however, he has no ground to complain that the Department does not have as a part of its records a "valid warrant" and a "valid judgment". Plaintiff has available to him the records of the Court in which he is alleged to have been convicted by which he may show whether the conviction was valid.

The judgment appealed from is

Reversed.

BRITT and HEDRICK, JJ., concur.